SANDERS, Justice
(concurring in part and dissenting in part).
I concur in the resolution of all issues in the majority opinion save one: retention of the charitable immunity doctrine.
In Louisiana, the doctrine of charitable immunity was judicially created. See Jordan v. Touro Infirmary, La.App., 123 So. 726 (1922); Jeter, Charitable Institutions: Liability for Tortious Conduct, 17 Tul.L. Rev. 621, 622-625.
As conclusively demonstrated by the doctrinal writers, the doctrine is unsound and has outlived its usefulness. See e. g., Appleman, The Tort Liability of Charitable Institutions, 1936, 22 A.B.A.J. 48; Feezer, The Tort Liability of Charities, 1928, 77 U.Pa.L.Rev. 191; McCaskill, Respondeat Superior as Applied in New York to Quasi-Public and Eleemosynary Institutions, 1920,, 5 Corn.L.Q. 409, 6 Corn.L.Q. 56; Spencer, Ray v. Tucson Medical Center: A Reappraisal of Tort Liability of Charities, 1951, 24 Rocky Mt.L.Rev. 51; Notes, 1925, 34 Yale L.J. 316; 1938, 38 Col.L.Rev. 1485; 1938, 48 Yale L.J. 81; 1950, 25 N.Y.U.L. Rev. 612; 1951, 20 U.Cin.L.Rev. 412; 1951, 30 N.C.L.Rev. 67; 1952, 6 Ark.L.Rev. 209; 1953, 32 N.C.L.Rev. 129; 1954, 32 Tex.L. Rev. 376; 1959, 37 N.C.L.Rev. 209; 1957, 19 U.Pitt.L.Rev. 119. In recent years, approximately twenty states have abandoned the doctrine. Prosser, Law of Torts (3rd ed. 1964) § 127, pp. 1023-1024.
In this state, the doctrine has been riddled with exceptions. It has also been rendered unavailable to the insurer of a charitable institution.
From a legal viewpoint, the charitable immunity doctrine clashes with the Louisiana Civil Code. It contravenes the articles making a master liable for the tortious conduct of his servants. See LSA-C.C. Arts. 176, 2315, 2320; Wheeler, The Louisiana Law of Charities, 15 Tul.L.Rev. 177, 216-217; Jeter, Charitable Institutions: Liability for Tortious Conduct, supra, 17 Tul. L.Rev. 623.
Since the courts established the doctrine, this Court can now repudiate it. I would do so for the betterment of the law.
*227 For the reasons assigned, I concur in part and dissent only from the retention of the charitable immunity doctrine in Louisiana.